FILED
Scott L. Poff, Clerk
United States District Court

By staylor at 1:52 pm, Jan 07, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| THOMAS TROUBLE MAHER,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPUTY WARDEN BRIAN ADAMS; CERT SGT. FREDDIE DAVIS, SGT. MICHAEL MENDEZ; LT. CLARENCE WILLIAMS; CERT OFFICER C. WILLIAMS; CERT OFFICER II CLEMENTE; CERT OFFICER II ASCENCIO; and OFFICER HOPE NEWELL,<br><br>    Defendants. | CIVIL ACTION NO.: 6:18-cv-134 |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

    Plaintiff, who is currently housed at Georgia State Prison in Reidsville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 to contest certain conditions of his confinement. Doc. 1. Plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis* and a Motion to Appoint Counsel. Docs. 2, 4. For the reasons which follow, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* and **DENIES as moot** his Motion to Appoint Counsel. For these same reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.[1]

---

[1]     A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A Magistrate Judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. Jan. 8, 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge

**BACKGROUND**

Plaintiff contends he experienced "regular forms of harassment and retaliation" after he complained about Defendant Newell sleeping while on duty and failing to distribute medically prescribed diet snacks. Doc. 1 at 6. Plaintiff contends Defendant Newell falsely accused Plaintiff of projecting a liquid out of his tray and to Newell. Id. In response to this false accusation, Plaintiff alleges Defendant Davis and Captain Osborn searched his cell, confiscated his property, and told him he would be placed on strip-cell status. Plaintiff maintains he told Defendant Davis and Captain Osborn he had not thrown any substances, and Defendant Newell was lying because he tried to report her for sleeping in the control booth. Id. In addition, Plaintiff contends Defendant Davis and five CERT officers, including Defendants C. Williams, Clemente, and Ascencio, came to his cell and used excessive force against him, even though Plaintiff had not acted in a hostile or aggressive manner. Id. at 7–8. Plaintiff maintains he had to be taken to the hospital as a result of the excessive use of force, and Captain Osborn placed him in a strip cell as punishment and to cover-up the assault upon his return to the prison. Id. at 8. Plaintiff asserts officers filed false disciplinary reports against him as another measure to cover-up this assault. Id. at 10.

Plaintiff alleges that several days later he suffered aggravation of his previous injuries during a shower. Plaintiff claims Defendant Clarence Williams escorted him from the shower,

---

issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that the report and recommendation served as notice that claims would be *sua sponte* dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his suit is barred and due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will conduct a *de novo* review of properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

and Plaintiff's aggravated injuries were obvious, including blood dripping from his head. Despite this and Plaintiff telling Defendant Clarence Williams he needed to go to medical, Defendant Clarence Williams told Plaintiff he would not be going to medical. Id. Plaintiff told Defendant Clarence Williams he would wait until the deputy warden or unit manager came by his cell and would tell one of them he needed medical attention. Afterward, Defendant Clarence Williams approached Plaintiff's cell with two other officers, and Defendant Clarence Williams used a taser against him. Id. at 11. Plaintiff avers he did not receive medical attention for his original injuries or for those sustained due to Defendant Clarence Williams' use of force. Throughout the remaining portions of his Complaint, Plaintiff details the alleged unconstitutional treatment he received at the hands of all Defendants, up to and including August 31, 2018. Id. at 12–18, 23.

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all his assets and shows an inability to pay the filing fee and includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v.

4

Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I.   Dismissal for Abuse of Judicial Process

The Complaint form directly asks Plaintiff whether he "brought any lawsuits in federal court" which "deal with facts other than those involved in this action."  Doc. 1 at 2.  Plaintiff marked the blank next to "yes," and was directed to describe "each lawsuit" and to "describe the additional lawsuits on another piece of paper[.]"  Id.  Plaintiff disclosed two previous lawsuits: Maher v. Smith, 6:03-cv-157 (S.D. Ga.); and Maher v. Toppings, 6:15-cv-11 (S.D. Ga.).[2]  However, a search of Plaintiff's litigation history reveals that he filed at least three other lawsuits prior to executing his Complaint on December 14, 2018: (1) Compl., Maher v. Hall, 6:01-cv-68 (S.D. Ga. May 25, 2001), ECF No. 1; (2) Compl., Maher v. Johnson, 6:12-cv-97 (S.D. Ga. Oct. 22, 2012), ECF No. 1; and (3) Compl., Maher v. Toppings, 6:14-cv-57 (S.D. Ga. June 5, 2014).

Further, the Complaint form asks whether Plaintiff had "any suit dismissed on the ground that it was frivolous, malicious, or failed to state a claim[]" in which he was permitted to proceed *in forma pauperis*.  Doc. 1 at 4.  Plaintiff checked the blank next to "no" and wrote "N/A" in response to the follow-up question to provide the name of the court and docket number for each case.  Id.  What is more, Plaintiff stated he is "sure that any and all lawsuit(s) filed by me have

---

[2]   Plaintiff provides 6:15-cv-11 as the civil action number in this case, but the Court's review of Plaintiff's filings reveals 6:15-cv-10 is the correct civil action number.

been in the 11th Cir. Southern district Court [sic] and none were ever dismissed for being frivolous, malicious, or for failing to state a claim." Id. at 3.  However, one of cases identified in the preceding paragraph was dismissed for failure to state a claim and should have been disclosed on the Complaint form.  Order, R. & R., & Order, Maher v. Toppings, 6:14-cv-57 (S.D. Ga. June 9, 2014; Aug. 25, 2014; & Sept. 29, 2014), ECF Nos. 3, 6, 9 (granting *in forma pauperis* status and dismissing cause of action for failure to state a claim).

As previously stated, § 1915 requires a court to dismiss a prisoner's action if, at any time, the court determines that it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant.  28 U.S.C. § 1915(e)(2)(B).  Significantly, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal" under § 1915.  Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 225 (11th Cir. 2011) (alteration in original) (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)).  In addition, Federal Rule of Civil Procedure 11(c) permits a court to impose sanctions, including dismissal, for "knowingly fil[ing] a pleading that contains false contentions."  Id. at 225–26 (citing Fed. R. Civ. P. 11(c)).  Again, although *pro se* pleadings are to be construed liberally, "a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules."  Id. at 226.

Relying on this authority, the Court of Appeals for the Eleventh Circuit has consistently upheld the dismissal of cases where a *pro se* prisoner plaintiff has failed to disclose his previous lawsuits as required on the face of the §1983 complaint form.  See, e.g., Redmon, 414 F. App'x at 226 (*pro se* prisoner's nondisclosure of prior litigation in § 1983 complaint amounted to abuse of judicial process resulting in sanction of dismissal); Shelton v. Rohrs, 406 F. App'x 340, 341 (11th Cir. 2010) (same); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 941 (11th Cir. 2010) (same); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (same).  Even

where the prisoner has later provided an explanation for his lack of candor, the Court has generally rejected the proffered reason as unpersuasive. See, e.g., Redmon, 414 F. App'x at 226 ("The district court did not abuse its discretion in concluding that Plaintiff's explanation for his failure to disclose the Colorado lawsuit—that he misunderstood the form—did not excuse the misrepresentation and that dismissal was a proper sanction."); Shelton, 406 F. App'x at 341 ("Even if [the plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits."); Young, 380 F. App'x at 941 (finding that not having documents concerning prior litigation and not being able to pay for copies of same did not absolve prisoner plaintiff "of the requirement of disclosing, at a minimum, all of the information that was known to him"); Hood, 197 F. App'x at 819 ("The objections were considered, but the district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

Another district court in this Circuit has explained the importance of this information as follows:

> [t]he inquiry concerning a prisoner's prior lawsuits is not a matter of idle curiosity, nor is it an effort to raise meaningless obstacles to a prisoner's access to the courts. Rather, the existence of prior litigation initiated by a prisoner is required in order for the Court to apply 28 U.S.C. § 1915(g) (the "three strikes rule" applicable to prisoners proceeding *in forma pauperis*). Additionally, it has been the Court's experience that a significant number of prisoner filings raise claims or issues that have already been decided adversely to the prisoner in prior litigation. . . . Identification of prior litigation frequently enables the Court to dispose of successive cases without further expenditure of finite judicial resources.

Brown v. Saintavil, No. 2:14-CV-599-FTM-29, 2014 WL 5780180, at *3 (M.D. Fla. Nov. 5, 2014) (emphasis omitted).

Plaintiff misrepresented his litigation history in his Complaint. The plain language of the Complaint form is clear, and Plaintiff failed to answer fully and truthfully. Doc. 1 at 2–4. This Court will not tolerate such lack of candor, and consequently, the Court should **DISMISS**

7

**without prejudice** this action for Plaintiff's failure to truthfully disclose his full litigation history, as required.[3]

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[4]  Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[3]  The Court notes that, in some cases, a dismissal without prejudice can be tantamount to a dismissal with prejudice.  Jenkins v. Hutcheson, 708 F. App'x 647, 648 n.1 (11th Cir. 2018) (per curiam).  However, it does not appear that Plaintiff's case presents such a situation.

[4]  A certificate of appealability is not required in this § 1983 action.

8

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*. The Court **DENIES** Plaintiff's Motion to Proceed *in Forma Pauperis* and **DENIES as moot** Plaintiff's Motion to Appoint Counsel. Docs. 2, 4.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 7th day of January, 2019.

*[signature]*

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA