# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

THOMAS TROUBLE MAHER,

    Plaintiff,

v.

DEPUTY WARDEN BRIAN ADAMS; CERT SGT. FREDDIE DAVIS, SGT. MICHAEL MENDEZ; LT. CLARENCE WILLIAMS; CERT OFFICER C. WILLIAMS; CERT OFFICER II CLEMENTE; CERT OFFICER II ASCENCIO; and OFFICER HOPE NEWELL,

    Defendants.

CIVIL ACTION NO.: 6:18-cv-134

## O R D E R

The Court has conducted an independent and *de novo* review of the entire record and concurs with the Magistrate Judge's Report and Recommendation, (doc. 7). Plaintiff filed Objections to this Report and Recommendation, (doc. 8).

The Magistrate Judge recommended the Court dismiss without prejudice Plaintiff's Complaint because he failed to fully and truthfully disclose his litigation history. (Doc. 7, pp. 5–8.) In his Objections, Plaintiff states he did not "knowingly file a pleading" containing "false contentions" or "engage in bad faith litigiousness or manipulative tactics . . . ." (Doc. 8, p. 1.) Plaintiff attempts to cure his lack of candor by stating this Court's Order in Case Number 6:14-cv-57 is the only reference to previous filings he had. In addition, Plaintiff asserts Case Numbers 6:03-cv-157 and 6:01-cv-68 "were one and the same" and Case Numbers 6:15-cv-11 and 6:12-cv-97 "are one and the same and [he] was only charged one filing fee." (Id. at pp. 1–2)

Plaintiff is mistaken in his characterizations of these filings. The Magistrate Judge found that, although Plaintiff disclosed two previously filed causes of action, Maher v. Smith, 6:03-cv-157, and Maher v. Toppings, 6:15-cv-11, he failed to disclose three others: Maher v. Hall, 6:01-cv-68; Maher v. Johnson, 6:12-cv-97; and Maher v. Toppings, 6:14-cv-57. (Doc. 7, p. 5.) Even if the Court could consider Plaintiff's filings in Case Numbers 6:03-cv-157 and 6:01-cv-68 and Case Numbers 6:12-cv-97 and 6:01-cv-68 to be "one and the same," Plaintiff's assertions still miss the mark. The fact is Plaintiff filed five causes of action prior to the filing of his Complaint in this case on December 14, 2018, and he only disclosed two of those causes of action to the Court. In addition, Plaintiff failed to disclose the filing of Case Number 6:14-cv-57, yet he concedes he had a copy of the Court's judgment in that case. (Doc. 8, p. 1; Doc. 8-1.) Further, Plaintiff failed to address the Magistrate Judge's observation that his cause of action in Case Number 6:14-cv-57 was dismissed for failure to state a claim and should have been disclosed in response to the question of whether any of his previous causes of action were dismissed for being frivolous, malicious, or failing to state a claim. (Doc. 7, pp. 5–6.)

Plaintiff's attempt to now explain away or to disclose what he previously failed to cannot "serve to overlook [Plaintiff's] abuse of the judicial process." Hood v. Tompkins, 179 F. App'x 818, 819 (11th Cir. 2006). Plaintiff simply failed to disclose all causes of action he filed prior to the filing of his Complaint in this cause of action. As the Magistrate Judge noted, "The plain language of the Complaint form is clear, and Plaintiff failed to answer fully and truthfully." (Doc. 7, p. 7 (citing Doc. 1, pp. 2–4).).

Accordingly, the Court O**VERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. The Court **DISMISSES without prejudice** Plaintiff's Complaint, **DIRECTS** the Clerk of Court to **CLOSE** this case and

enter the appropriate judgment of dismissal, and **DENIES** Plaintiff *in forma pauperis* status on appeal.

**SO ORDERED**, this 1st day of March, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA